UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY SHAY,

     Plaintiff,

v.                        Case No. 8:13-cv-2324-T-33EAJ

CAROLYN W. COLVIN, Acting
Commissioner of Social
Security Administration,

     Defendant.
_____/

## ORDER

    This cause comes before the Court pursuant to Plaintiff Mary Shay's Unopposed Petition for Attorney Fees Pursuant to Equal Access to Justice Act (Doc. # 30), filed on November 20, 2014. Mary Shay seeks an award of $3,593.74 in attorney's fees. For the reasons that follow, the Court grants the Motion.

**A.   Eligibility for Award of Fees**

    The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires an award of attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of Social Security Administration Agency action, unless the Court determines that the position of the United States was substantially

justified or that special circumstances exist and make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

Under the EAJA, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party, (2) the application for such fees, including an itemized justification for the amount sought, is timely filed, (3) the claimant had a net worth of less than $2 million at the time the complaint was filed, (4) the position of the government was not substantially justified, and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

### 1.   **Prevailing Party**

The Judgment in this case reversed the final decision of the Commissioner and remanded the case for further consideration pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). (Doc. # 29). "[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, Shay qualifies as the prevailing party in this action.

### 2.   **Timely Application**

The EAJA requires a prevailing party to file an application for attorney's fees within thirty days of final

judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty day clock did not begin to run in this action until this Court's Judgment, entered September 8, 2014 (Doc. # 29), became final, which would have occurred at the end of the sixty day period for appeal provided under Rule 4(a)(1)(B), Fed. R. App. P. See Shalala, 509 U.S. at 302. Shay's Motion was filed on November 20, 2014, and included an itemized justification for the amount sought. (Doc. ## 30, 30-1). Therefore, the Court finds Shay's application for attorney's fees to be timely.

### 3.   **Claimant's Net Worth**

Shay's Motion asserts that she is an individual whose "net worth at the time this proceeding was filed was less than two million dollars." (Doc. # 30 at 2). The Commissioner does not contest this assertion. Accordingly, the Court finds this requirement to be satisfied.

### 4.   **Lack of Substantial Justification**

The burden of proving substantial justification is on the government. Stratton v. Bowen, 827 F.2d 1447, 1450 (11th Cir. 1987). "Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified." Kimble ex rel. A.G.K. v. Astrue, No. 6:11-cv-1063, 2012 WL 5877547, at *1 (M.D. Fla.

3

Nov. 20, 2012). In this case, the Commissioner does not dispute the issue of substantial justification. Thus, the Court finds that the government's position was not substantially justified.

### 5.   No Special Circumstances

Finally, the Commissioner has not made a claim that any special circumstances exist that countenance against the awarding of fees. Accordingly, the Court finds no special circumstances indicating an award of fees would be unjust.

### B.   Amount of Fees

Having determined that Shay is eligible for an award of fees under the EAJA, the Court now turns to the reasonableness of the amount of fees sought. Shay requests an award of $3,593.74 in attorney's fees, representing 19.90 hours at an hourly rate of $180.59 for work performed. (Doc. # 30 at 3).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour *unless* the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). The Court accepts Shay's contention that a statutory cost of living adjustment in the hourly rate is

appropriate. Shay proposes an hourly rate of $180.59 for 2013, and the Commissioner does not oppose this proposed hourly rate.

Shay seeks an award based on a total of 19.90 hours of attorney time.   The Court believes 19.90 hours of attorney time is reasonable in this case.   Therefore, the Court finds $3,593.74 is a reasonable fee in this case.

**C.     Payment of Fees**

The Supreme Court established in <u>Astrue v. Ratliff</u>, 560 U.S. 586 (2010), that EAJA payments may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to his attorney. In the Motion, Shay submits that "[a]ny payments shall be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff does not owe a federal debt. If the United States Department of Treasury determines that Plaintiff does not owe a federal debt the government will accept the Plaintiff's assignment of EAJA form and pay fees directly to Plaintiff's counsel." (Doc. # 30 at 3). As such, the Court will leave to the parties the determination of to whom the fees shall be paid.

Accordingly, it is

5

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Petition for Attorney Fees Pursuant to Equal Access to Justice Act (Doc. # 30) is **GRANTED** in the amount of $3,593.74.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of November, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record